**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00014-CR**
_____

**JUSTIN LANE METCALFE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 27766**
_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Justin Lane Metcalfe for the state jail felony offense of possession of a controlled substance, namely methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.115. Metcalfe pleaded guilty and waived his right to a jury trial. The trial court placed Metcalfe on deferred adjudication community supervision for three years and assessed a $250 fine.

The State filed a motion to revoke Metcalfe's deferred adjudication community supervision, alleging that Metcalfe had violated the terms of his community supervision. In a hearing on the motion to revoke, Metcalfe pleaded "true" to violations of his community supervision. The trial court accepted Metcalfe's pleas of "true," and after hearing evidence, the trial court revoked Metcalfe's deferred adjudication community supervision, found Metcalfe guilty of the state jail felony offense of possession of a controlled substance, and sentenced Metcalfe to two years of confinement.

Metcalfe's appointed counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 24, 2026, we granted an extension of time for Metcalfe to file a pro se brief, and Metcalfe failed to do so.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire appellate record and counsel's brief, and we have found nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by

2

indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *see also Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).[1] We affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on June 3, 2026
Opinion Delivered June 17, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[1] Metcalfe may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.